



U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the ruling of the court and has the force and effect therein described.**

_____
**United States Bankruptcy Judge**

**Signed May 28, 2010**

---

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| **In re:** | § | |
| | § | |
| **SCHOOL FOR ALLIED HEALTH** | § | |
| **PROFESSIONALS, LTD.** | § | **CASE NO. 09-40950-RFN-11** |
| | § | **Chapter 11** |
| Debtor. | § | |

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER
### UNDER 11 U.S.C. § 1129 CONFIRMING SECOND AMENDED
### PLAN OF REORGANIZATION OF DEBTOR DATED APRIL 28, 2010

WHEREAS, on April 28, 2010, School for Allied Health Professionals, Ltd. (the "Debtor") debtor and debtor-in-possession and SFAHP Management, LLC (the "General Partner" and together with the Debtor, the "Plan Proponents") filed the *Second Amended Plan of Reorganization* of Debtor, as modified on May 28, 2010 (the "Plan") [Docket Nos. 119 & 132][1]

and the Second Amended Disclosure Statement (the "Disclosure Statement") [Docket No. 120]; and

WHEREAS, on April 22, 2010, this Court entered its Agreed Order Conditionally Approving Debtor's Disclosure Statement and Setting Confirmation Hearing and Related Deadlines conditionally approving the Disclosure Statement in accordance with Section 1125(f)(3) of the Bankruptcy Code, setting forth procedures for soliciting approval of the Plan, and setting deadlines for objections to and voting on the Plan (the "Disclosure Statement Order") [Docket No. 116]; and

WHEREAS, on April 28, 2010, and in accordance with the Disclosure Statement Order, the Debtor caused the Second Plan, Disclosure Statement, Disclosure Statement Order, and a ballot for voting to accept or reject the Plan (the "Solicitation Package") to be transmitted to holders of Claims in all Classes for the Debtor; and

WHEREAS, no objections to the approval of the Debtor's Disclosure Statement have been filed; and

WHEREAS, the Debtor, at the hearing on the confirmation of the Plan, held on May 27, 2010, provided the Court with a tabulation of the votes submitted by the holders of all Classes of Claims (the "Voting Tabulation"); and

WHEREAS, all objections to confirmation of the Plan have been withdrawn, settled, or overruled. WHEREAS, pursuant to Bankruptcy Code Section 1128(a), the Court held a hearing commencing on May 27, 2010, at 10:30 a.m. (the "Confirmation Hearing"), which hearing was to consider confirmation of the Plan; and

---

1    All terms not otherwise defined herein shall have the same meaning ascribed to them in the Plan.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING SECOND AMENDED PLAN OF REORGANIZATION OF DEBTOR - Page 2 of 19**

NOW THEREFORE, based upon the Court's review and consideration of (i) the submissions previously filed with the Court; (ii) the record of the Confirmation Hearing (including all of the evidence proffered or adduced at the hearing, the pleadings, briefs, memoranda and other submissions filed in connection therewith, and the arguments of counsel made at the hearing); and (iii) the record in this Chapter 11 Case; and after due deliberation thereon, and good cause appearing therefore,

<b><u>FINDINGS OF FACT AND CONCLUSIONS OF LAW</u></b>

**THE COURT FINDS AND CONCLUDES THAT:**[2]

1. <u>Exclusive Jurisdiction: Venue, Core Proceeding- 28 U.S.C. §§ 157(b)(2) and 1334(a)</u>. This Court has jurisdiction over this Chapter 11 Case pursuant to 28 U.S.C §§ 157 and 1334. Venue is proper under 28 U.S.C. §§ 1408 and 1409. Confirmation of the Plan is a core proceeding under 28 U.S.C. 157(b)(2), and this Court has exclusive jurisdiction to determine whether the Plan complies with the applicable provisions of the Bankruptcy Code and should be confirmed.

2. <u>Disclosure Statement Contains Adequate Information – 28 U.S.C. § 1125</u>. The Disclosure Statement proposed by the Debtor contains adequate information as required by Section 1125 of the Bankruptcy Code to enable holders of claims and interests of all relevant classes to make an informed judgment about the Plan.

3. <u>Burden of Proof</u>. The Debtor has the burden of proving the elements of Bankruptcy Code Section 1129(a) by a preponderance of the evidence.

4. <u>Transmittal and Mailing of Materials: Notice</u>. Due, adequate, and sufficient notice

---

[2] Findings of fact shall be construed as conclusions of law and conclusions of law shall be construed as findings of fact when appropriate. <u>See</u> Fed. R. Bankr. P. 7052.

**FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER UNDER 11 U.S.C. § 1129 CONFIRMING SECOND AMENDED PLAN OF REORGANIZATION OF DEBTOR - Page 3 of 19**

of the Disclosure Statement, the Plan, and the Confirmation Hearing, along with all deadlines for voting on or filing objections to the Plan, has been given to all known holders of Claims in accordance with the Bankruptcy Rules and the procedures set forth in the Disclosure Statement Order and further orders of the Court.

5. Solicitation. Votes for acceptance or rejection of the Plan were solicited in good faith and in compliance with Bankruptcy Code Sections 1125 and 1126, Bankruptcy Rules 3017 and 3018, the Disclosure Statement, all other applicable provisions of the Bankruptcy Code, and all other rules, laws, and regulations.

6. Distribution. All procedures used to distribute the Solicitation Packages to the applicable holders of Claims were fair and conducted in accordance with the Disclosure Statement Order, the Bankruptcy Code, the Bankruptcy Rules, and any other applicable rules, laws, and regulations.

7. Impaired Classes That Have Voted to Accept the Plan. As evidenced by the record established at the Confirmation Hearing, which, *inter alia*, sets forth the voting results on the Plan, the impaired Classes that submitted ballots have voted to accept the Plan in accordance with the requirements of Sections 1124 and 1126 of the Bankruptcy Code.

8. Modifications To The Plan. The modifications to the Plan set forth on the record at the Confirmation Hearing or made by this Confirmation Order do not materially and adversely affect or change the treatment of any creditor who has not accepted such modifications. Accordingly, under Fed. R. Bankr. P. 3019, these modifications neither require additional disclosure under Bankruptcy Code Section 1125 nor re-solicitation of acceptances or rejections under Bankruptcy Code Section 1126, nor do they require that holders of Claims be afforded an

opportunity to change previously cast acceptances or rejections of the Plan.  Disclosure of the modifications on the record at the Confirmation Hearing constitutes due and sufficient notice thereof under the circumstances of this Chapter 11 Case.  Accordingly, pursuant to Bankruptcy Code Section 1127 and Bankruptcy Rule 3019, all holders of Claims that have accepted or are conclusively deemed to have accepted the Plan are deemed to have accepted such modifications to the Plan.

9.      <u>Plan Compliance with Bankruptcy Code – 11 U.S.C. § 1129(a)(1)</u>.  The Plan complies with the applicable provisions of the Bankruptcy Code and the Bankruptcy Rules, thereby satisfying 11 U.S.C. § 1129(a)(1).

a.      <u>Proper Classification 11 U.S.C. §§ 1122 and 1123(a)(1)</u>.  In addition to Administrative Claims and Priority Tax Claims, which need not be classified, the Plan designates 3 Classes of impaired Claims (Classes 1, 2, and 3).  The Claims placed in each Class are substantially similar to other Claims in each such Class, and such classification is therefore consistent with Bankruptcy Code Section 1122.  Valid business, factual, and legal reasons exist for separately classifying the various Classes of Claims created under the Plan, and such Classes and the Plan's treatment thereof do not unfairly discriminate between holders of Claims.  The Plan satisfies Bankruptcy Code Sections 1122 and 1123(a)(1).

b.      <u>Specified Treatment of Impaired Classes—11 U.S.C. §1123(a)(3)</u>.  Article 4 of the Plan specifies the treatment of the impaired Classes of Claims (Classes 1, 2, and 3), thereby satisfying Bankruptcy Code Section 1123(a)(3).

c.      <u>No Discrimination—11 U.S.C. § 1123(a)(4)</u>.  The Plan provides the same treatment for each Claim within each respective Class, thereby satisfying Bankruptcy Code Section 1123(a)(4).

d.      <u>Implementation of the Plan—11 U.S.C. § 1123(a)(5)</u>.  Article VII of the Plan provides adequate and proper means for implementing the Plan.  Pursuant to Section 1123(a)(5)(A) of the Bankruptcy Code, Article 7.1 establishes that the Reorganized Debtor shall retain all of the property of the estate and shall operate its school following the Effective Date, and shall dedicate sufficient revenues to fund all obligations contained in the Plan, and the General Partner shall continue to apply for and hold all Licenses and may not sell or assign such Licenses without consent from the Debtor and WC-Arlington, or alternatively, shall grant to WC-Arlington a first-priority security interest in the Licenses to secure the right to payment subject to final

approval and documentation between counsel for the Debtor and counsel for WC-Arlington and confirmation by Debtor's counsel that such a grant will not impermissibly violate or encumber the Licenses. Article 7.2 provides that the Debtor has entered into a new lease for the premises located at 4100 Embarcadero, Arlington, Texas, and that entry into this new lease is in the Debtor's best business judgment. The Court authorizes the Debtor to enter into the Embarcadero Lease. Other articles of the Plan provide means for implementation of the Plan as well. For example, Article VI provides for the treatment of executory contracts and unexpired leases; Article XI provides for the continuing jurisdiction over matters arising out of or related to this Chapter 11 Case and the Plan; and Article V describes the process for resolving and treating disputed claims.

e. <u>Selection of Officers and Directors—11 U.S.C. § 1123(a)(7)</u>. The Debtor properly and adequately discloses the Reorganized Debtor's post-confirmation management by stating on the record at the Confirmation Hearing that Dr. Manuel Pecana will remain the President of the General Partner and Limited Partner of the Debtor, that Ms. Nora Flores will remain the Vice President of the General Partner, and that Mr. Robert Fischer will remain the Vice President of the General Partner, thereby satisfying Bankruptcy Code Section 1123(a)(7).

f. <u>Additional Plan Provisions—11 U.S.C. § 1123(b)</u>. The Plan's provisions are appropriate and not inconsistent with the applicable provisions of the Bankruptcy Code.

10. <u>Identification of Plan Proponents—Fed. R. Bankr. P. 3016(a)</u>. The Plan satisfies Bankruptcy Rule 3016(a) by identifying the date of the Plan and the Debtor and the General Partner as proponents of the Plan.

11. <u>Notice of the Confirmation Hearing—Fed. R. Bankr. P. 3017</u>. The Debtor has given notice of the Confirmation Hearing in accordance with the Disclosure Statement Order. The solicitation packages prescribed by the Disclosure Statement Order were transmitted to the creditors entitled to vote on the Plan in accordance with Fed. R. Bankr. P. 3017.

12. <u>Solicitation of Votes - Fed. R. Bankr. P. 3018</u>. The solicitation of votes to accept or reject the Plan and requests for consent to the treatment provided under the Plan satisfy Fed. R. Bankr. P. 3018. The Solicitation Package was transmitted to all creditors entitled to vote on

the Plan, sufficient time was prescribed for such creditors to accept or reject the Plan, and the solicitation materials used and solicitation procedures followed comply with Bankruptcy Code Section 1126, thereby satisfying the requirements of Fed. R. Bankr. P. 3018.

13. <u>The Debtor's Compliance with the Bankruptcy Code—11 U.S.C. § 1129(a)(2)</u>. The Debtor has complied with the applicable provisions of the Bankruptcy Code, thereby satisfying Bankruptcy Code Section 1129(a)(2). Specifically, Ms. Nora Flores testified at the Confirmation Hearing that:

a. The Debtor is eligible for relief under title 11 in accordance with Bankruptcy Code Section 109.

b. the Debtor has complied with applicable provisions of the Bankruptcy Code and orders of the Court.

c. The Debtor has complied with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, and the Disclosure Statement Order in transmitting the Solicitation Package and related documents and notices and in soliciting and tabulating votes on the Plan.

14. <u>Plan Proposed in Good Faith—11 U.S.C. § 1129(a)(3)</u>. The Debtor has proposed the Plan in good faith and not by any means forbidden by law, thereby satisfying Bankruptcy Code Section 1129(a)(3). This Court has examined the totality of the circumstances surrounding the formulation of the Plan. Based upon the evidence presented at the Confirmation Hearing, the Court finds and concludes that the Plan has been proposed with the legitimate and honest purpose of effectively reorganizing the Debtor and maximizing the recovery to creditors in accordance with the priorities set forth in the Bankruptcy Code.

15. <u>Payment for Services or Costs and Expenses—11 U.S.C. § 1129(a)(4)</u>. Any payments made or to be made by the Debtor for services or for costs and expenses in connection with this case have been approved by, or are subject to the approval of, the Court as reasonable,

thereby satisfying Bankruptcy Code Section 1129(a)(4).

16. <u>Identification of Directors, Officers, and Insiders —11 U.S.C. § 1129(a)(5)</u>. The Debtor has complied with Bankruptcy Code Section 1129(a)(5) by disclosing at or before the Confirmation Hearing as required by the Plan the identity and affiliations of any individual proposed to serve, after confirmation of the Plan, as a director or officer of any of the Debtor.

17. <u>No Rate Changes—11 U.S.C. § 1129(a)(6)</u>. No governmental regulatory commission has jurisdiction over rates of the Debtor after confirmation of the Plan. Thus, Bankruptcy Code Section 1129(a)(6) is not applicable in this Chapter 11 Case.

18. <u>Best Interests of Creditors Test—11 U.S.C. § 1129(a)(7)</u>. The Plan satisfies Bankruptcy Code Section 1129(a)(7). The Disclosure Statement, Plan, and evidence adduced at the Confirmation Hearing (i) are persuasive, credible, and accurate as of the dates such evidence was prepared, presented, or proffered; (ii) either have not been controverted by other persuasive evidence or have not been challenged; (iii) are based upon reasonable and sound assumptions; (iv) provide a reasonable estimate of the liquidation value of the Debtor's assets upon conversion to a chapter 7 proceeding; and (v) establish that each holder of a Claim in an impaired Class will receive or retain under the Plan, on account of such Claim, property of a value, as of the Effective Date of the Plan, that is not less than the amount that it would receive if the applicable Debtor was liquidated under chapter 7 of the Bankruptcy Code on such date.

19. <u>Treatment of Administrative, Other Priority Claims and Priority Tax Claims—11 U.S.C. § 1129(a)(9)</u>. The treatment of Administrative Claims and Priority Tax Claims under the Plan satisfies the requirements of Bankruptcy Code Sections 1129(a)(9)(A) and (C).

20. <u>Acceptance by Impaired Classes—11 U.S.C. § 1129(a)(10)</u>. At least one Class of

Claims that is impaired under the Plan has accepted the Plan thereby satisfying Bankruptcy Code Section 1129(a)(10). According to the record established at the hearing, four out of five impaired creditors in Class Two accepted the Plan and the impaired creditors who accepted the Plan held more than two-thirds in amount of the allowed claims of Class Two, thereby satisfying Bankruptcy Code Section 1126(c).

21. <u>Feasibility—11 U.S.C. § 1129(a)(11)</u>. The Plan satisfies the feasibility requirement of Section 1129(a)(11) of the Bankruptcy Code. Specifically, the Plan is not likely to be followed by liquidation or need for further reorganization.

22. <u>Payment of Fees—11 U.S.C. § 1129(a)(12)</u>. All fees payable under 28 U.S.C. § 1930 on or before the Effective Date, as determined by the Court, have been paid or will be paid within ten (10) days of entry of this Confirmation Order, thus satisfying the requirements of Bankruptcy Code Section 1129(a)(12).

23. <u>Continuation of Retiree Benefits—11 U.S.C. § 1129(a)(13)</u>. The Debtor does not have any retiree benefits to be continued under the Plan. Thus, Bankruptcy Code Section 1129(a)(13) is not applicable to the Debtor.

24. <u>Transfers of Property—11 U.S.C. § 1129(a)(16)</u>. The Plan does not provide for the sale of any of the Debtor's property. Thus, Bankruptcy Code Section 1129(a)(16) is inapplicable.

25. <u>11 U.S.C. § 1129(b)</u>. All of the requirements of Bankruptcy Code Section 1129(b) have been met as the Plan does not discriminate unfairly, and is fair and equitable with respect to each class of claims or interests that is impaired under, and has not accepted, the Plan. Upon confirmation and the occurrence of the Effective Date, the Plan shall be binding upon: (a)

the Debtor, (b) all holders of Claims against the Debtor, whether or not impaired under the Plan and whether or not, if impaired, such holders accepted the Plan, (c) any other party in interest, (d) any Person making an appearance in this Chapter 11 Case, and (e) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians.

26. <u>Good Faith Solicitation—11 U.S.C. § 1125(e)</u>. Based on the record before the Court in this Chapter 11 Case, the Debtor and its directors, officers, employees, agents, advisors, accountants, consultants, attorneys, and other representatives have acted in good faith within the meaning of Bankruptcy Code Section 1125(e) in compliance with the applicable provisions of the Bankruptcy Code and Bankruptcy Rules in connection with all of their respective activities relating to the solicitation of acceptances to and consents to the treatment afforded under the Plan and their participation in the activities described in Bankruptcy Code Section 1125.

27. <u>Impairment of Classes—11 U.S.C. § 1123(b)(1)</u>. In accordance with Bankruptcy Code Section 1123(b)(1), Article IV of the Plan impairs or leaves unimpaired, as the case may be, each class of Claims under the Plan.

28. <u>Treatment of Executory Contracts and Unexpired Leases—11 U.S.C. § 1123(b)(2)</u>. The Plan constitutes a motion by the Debtor to reject all executory contracts and unexpired leases not expressly assumed or rejected as of the Confirmation Date. Accordingly, the Plan complies with Bankruptcy Code Section 1123(b)(2). The rejection of executory contracts in Article VI of the Plan is in the Debtor's best business judgment.

29. <u>Approval for Debtor to Enter Into the Embarcadero Lease</u>. The Plan constitutes a motion by the Debtor for approval of its entry into the Embarcadero Lease as described in Article

7.02 of the Plan. The Debtor's entry into the Embarcadero Lease is in the Debtor's best business judgment and is in the best interest of the Debtor and the Debtor's estate.

30. <u>Satisfaction of Confirmation Requirements</u>. The Plan satisfies the requirements for confirmation set forth in Bankruptcy Code Section 1129.

31. <u>Objections</u>. All objections to Confirmation of the Plan have been withdrawn, settled, or overruled.

32. <u>Plan Modifications</u>. The modifications to the Plan put on the record at the Confirmation Hearing and set forth herein do not materially or adversely affect or change the treatment of any holder of a Claim who has not accepted the modifications. Accordingly, pursuant to Fed. R. Bankr. P. 3019, such modifications do not require additional disclosure under Bankruptcy Code Section 1125 or re-solicitation of acceptances or rejections under Bankruptcy Code Section 1126, nor do they require that holders of claims be afforded an opportunity to change previously cast acceptances or rejections of the Plan. Disclosure of the modifications on the record at the Confirmation Hearing constitutes due and sufficient notice thereof under the circumstances of this Chapter 11 Case.

## DECREES

ACCORDINGLY, THE COURT HEREBY ORDERS THAT:

1. <u>Approval of the Disclosure Statement</u>. The Disclosure Statement is approved under Bankruptcy Section 1125.

2. <u>Confirmation of the Plan</u>. The Plan, which consists of the Plan and modifications set forth in this Confirmation Order or on the record at the Confirmation Hearing, is approved and confirmed under Bankruptcy Code Section 1129 in its entirety. The terms of the Plan are

incorporated by reference herein and are an integral part of this Confirmation Order.

3.  <u>Objections</u>.  Any objections that have not been withdrawn, waived, or settled, and all reservations of rights pertaining to confirmation of the Plan included therein, are overruled on the merits.

4.  <u>Approval of Plan Modifications</u>.  The modifications set forth on the record at the Confirmation Hearing or set forth herein are approved.  The Plan, as so modified, shall constitute the Plan and all references herein to the Plan shall mean the Plan as so modified.

5.  <u>Effects of Confirmation; Effectiveness; Successors and Assigns</u>.  The Court directs that Fed. R. Civ. P. 62(a) and the stay provided by Bankruptcy Rule 3020(e) shall not apply to this Confirmation Order, and the Court authorizes the Debtor to consummate the Plan after entry of this Confirmation Order.  Subject to the occurrence of the Effective Date, and notwithstanding any otherwise applicable law, immediately upon the entry of this Confirmation Order, the terms of the Plan (including the Plan Exhibits and all documents and agreements executed pursuant to the Plan) and this Confirmation Order shall be binding on (a) the Debtor, (b) all holders of Claims against the Debtor, whether or not impaired under the Plan and whether or not, if impaired, such holders accepted the Plan, (c) any other party in interest, (d) any Person making an appearance in this Chapter 11 Case, and (e) each of the foregoing's respective heirs, successors, assigns, trustees, executors, administrators, affiliates, officers, directors, agents, representatives, attorneys, beneficiaries, or guardians.  Upon the occurrence of the Effective Date with respect to the Debtor, the Plan shall be deemed substantially consummated.

6.  <u>Releases and Exculpation</u>.  The releases and exculpation provisions set forth in Articles IX and X of the Plan are incorporated into this Confirmation Order as if set forth in full

herein and are hereby approved in their entirety.

7. <u>Release and Injunction Pertaining to the IRS</u>. Notwithstanding any other term or provision of the Plan or Confirmation Order, the IRS shall not be enjoined from reviewing, investigating, assessing, or pursuing collection from responsible persons [as used in Internal Revenue Code Section 6672(a)] for trust fund taxes due the IRS under Internal Revenue Code ("IRC") Section 6672. So long as the priority claim of the IRS is timely paid in according with the Plan as confirmed by the Bankruptcy Court without objection by the IRS, the IRS will not proceed with collection against responsible persons. Further, nothing in this Confirmation Order or the Plan shall effect a release of any claim by the United States Government or any of its agencies or enjoin the United States from bringing any claim, suit, action, or other proceedings against any party or person for any liability of such persons whatever, including without limitation any claim arising under the IRC, the environmental laws or any criminal laws of the United States against any party or person, nor shall anything in the Confirmation Order or the Plan exculpate any party or person from any liability to the United States Government or any of it agencies, including any liabilities arising under the IRC, the environmental laws or any criminal laws of the United States against any party or person.

8. <u>Injunction Against Interference with the Plan</u>. Pursuant to Article 10.04 of the Plan, upon the entry of the Confirmation Order, all Creditors and persons acting in concert with them are enjoined and restrained pursuant to Section 105 of the Bankruptcy Code from taking any action to correct or enforce any Claim directly or indirectly against the Reorganized Debtor in any manner inconsistent with the terms contained in the Plan. The discharge granted by the Plan voids any judgment at any time obtained with respect to any debt discharged.

9. <u>General Partner Injunction</u>. The General Partner is hereby enjoined and restrained pursuant to Section 105 of the Bankruptcy Code from resigning as the General Partner of the Debtor, taking any action that will modify the partnership relationship between the General Partner and the Debtor, assigning, encumbering, or alienating its interest in the Licenses or its rights to receipt of the proceeds from the Licenses, and/or taking any other action that is in any manner inconsistent with the terms of the Plan during the life of the Plan and/or as long as WC-Arlington retains the WC-Arlington Equity Interest, whichever period is longer.

10. <u>Plan Implementation Authorization</u>. Pursuant to the Plan, all necessary documents for the implementation of the Plan shall be executed by all necessary parties in interest on the Effective Date, unless an earlier date is provided for in a particular document under the Plan. The Court shall retain jurisdiction to hear and determine disputes between and among the Debtor, the General Partner, and WC-Arlington concerning the drafting, finalization, and execution of any document required under the Plan.

11. <u>Binding Effect</u>. On the Effective Date, except as expressly provided in this Confirmation Order, the Plan and its provisions shall be binding upon: (a) the Debtor; (b) all present and future holders of Claims, including all governmental entities, whether or not the Claim of such holder is impaired under the Plan and whether or not such holder or entity has accepted the Plan; (c) any other party in interest; (d) any person making an appearance in this Chapter 11 Case; and (e) any of the foregoing's heirs, successors, assigns, trustees, executors, administrators, affiliates, directors, agents, representatives, attorneys, beneficiaries, or guardians.

12. <u>Assumption or Rejection of Executory Contracts and Unexpired Leases—11 U.S.C. § 1123(b)(2)</u>. Pursuant to Article VI of the Plan, all executory contracts and unexpired

leases to which the Debtor is a party shall be automatically rejected as of the Effective Date, unless such executory contract or unexpired lease has been previously assumed or is subject to a pending motion to assume as of the Effective Date.

13. <u>Rejection Damage Claims</u>. Pursuant to Article 6.2 of the Plan, any Claims based upon rejection of an executory contract or unexpired lease shall be forever barred and shall not be enforceable against the Debtor, unless a proof of claim is filed with the Bankruptcy Court and served on the Reorganized Debtor such that it actually receives the proof of claim within thirty (30) calendar days of entry of this Confirmation Order.

14. <u>Approval of the Embarcadero Lease – 11 U.S.C. § 363(b)</u>. Pursuant to Article 7.02 of the Plan, the Debtor is authorized and allowed to enter into the Embarcadero Lease.

15. <u>Governmental Approvals Not Required</u>. This Confirmation Order shall constitute all approvals and consents required, if any, by the laws, rules, or regulations of any State or any other governmental authority with respect to implementation or consummation of the Plan and any documents, instruments, or agreements, and any amendments or modifications thereto, and any other acts referred to in or contemplated by the Plan, the Disclosure Statement and any documents, instruments, or agreements, and any amendments or modifications thereto.

16. <u>Exemption from Certain Taxes</u>. Pursuant to Section 1146(c) of the Bankruptcy Code, any transfers contemplated by the Plan shall not be subject to any stamp, transfer tax, or similar tax.

17. <u>Late-Filed Claims</u>. All claims subject to and filed after the Bar Date are hereby disallowed.

18. <u>Resolution of Claims</u>. Except as otherwise ordered by the Court, any Claim that is

not an Allowed Claim shall be determined, resolved, or adjudicated in accordance with the terms of the Plan. All objections to Claims shall be filed with the Court within sixty (60) days from the Effective Date, and a copy of the objection shall be served upon the Holder of the Claim to which such objection pertains. Any request for an extension period to object to Claims need be served only upon the creditors involved and the United States Trustee.

    a. <u>Allowance of Science Care, Inc. Claim</u>. Pursuant to the stipulation between the Debtor and Science Care, Inc. stated on the record at the Confirmation Hearing, Science Care, Inc. is hereby allowed a Class 3 general unsecured claim in the amount of $20,000.00.

19.    <u>Payment of Fees</u>. All fees payable by the Debtor under 28 U.S.C. § 1930 shall be paid within ten (10) days of entry of the Confirmation Order. In the event of Debtor's failure to timely pay any outstanding fees as required under this paragraph, the United States Trustee shall be authorized to file a motion requesting the immediate dismissal of Debtor's case for nonpayment of fees required under 28 U.S.C. § 1930.. After the Effective Date, the fees must be paid through the case closing in accordance with 28 U.S.C. §1930(a)(6).

20.    <u>Reversal</u>. If any or all of the provisions of this Confirmation Order are hereafter reversed, modified, or vacated by subsequent order of this Court or any other court, such reversal, modification, or vacatur shall not affect the validity of the acts or obligations incurred or undertaken under or in connection with the Plan prior to the Debtor's receipt of written notice of any such order. Notwithstanding any such reversal, modification, or vacatur of this Confirmation Order, any such act or obligation incurred or undertaken pursuant to, and in reliance on, this Confirmation Order prior to the effective date of such reversal, modification, or vacatur shall be

governed in all respects by the provisions of this Confirmation Order and the Plan or any amendments or modifications thereto.

21. <u>Retention of Jurisdiction</u>. Pursuant to Bankruptcy Code Sections 105(a) and 1142, and notwithstanding the entry of this Confirmation Order or the occurrence of the Effective Date, the Court shall retain exclusive jurisdiction as provided in Article XI of the Plan. The Bankruptcy Court's retention of jurisdiction shall include, but is not limited to, consideration of any dispute between or among the Debtor, the General Partner, and WC-Arlington concerning the drafting, finalization, and execution of any document required under the Plan.

22. <u>Notice of Entry of Confirmation Order</u>. The Debtor shall serve notice of entry of this Confirmation Order pursuant to Bankruptcy Rules 2002(f)(7), 2002(k), and 3020(c) on all creditors, the United States Trustee and other parties in interest, by causing notice of entry of this Confirmation Order to be delivered to such parties by first-class mail, postage prepaid.

23. <u>Notice of Effective Date</u>. Within five (5) Business Days following the occurrence of the Effective Date, the Reorganized Debtor shall file notice of the occurrence of the Effective Date with the Bankruptcy Court and shall serve a copy of same on the United States Trustee and all parties that have requested notice in this case pursuant to Bankruptcy Rule 2002.

24. <u>Reference to Plan Provisions</u>. The failure to specifically include or reference any particular provision of the Plan in this Confirmation Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the Plan be confirmed in its entirety.

25. <u>Inconsistency</u>. In the event of an inconsistency between the Plan and any other agreement, instrument, or document intended to implement the provisions of the Plan, the

provisions of the Plan shall govern unless otherwise expressly provided for in such agreements, instruments, or documents. In the event of any inconsistency between the Plan and any agreement, instrument, or document intended to implement the Plan and this Confirmation Order, the provisions of this Confirmation Order shall govern.

26. <u>Enforceability</u>. Pursuant to Bankruptcy Code Sections 1123(a) and 1142(a) and the provisions of this Confirmation Order, the Plan and all plan-related documents shall apply and be enforceable notwithstanding any otherwise applicable non-bankruptcy law.

27. <u>Final Order</u>. This Confirmation Order constitutes a Final Order and no just cause exists for delay of this Confirmation Order.

28. <u>Administrative and Professional Fee Claims</u>. The deadline for filing all applications for payment of Administrative Claims shall be on or before thirty (30) days after the entry of this Confirmation Order. Any Administrative Claim filed after that date shall be deemed untimely filed and shall be disallowed. The deadline for objecting to such Administrative Claims is twenty-one (21) days after a request for payment of such Claim has been filed and served in upon counsel for the Debtor. However, WC-Arlington's Administrative Claim shall be allowed as agreed pursuant to the Plan without the need to file any further application for payment. The deadline for submitting applications for compensation for services rendered in this case pursuant to Sections 327, 328, 330, 331, or 1103 (the "Professional Fee Claims") of the Bankruptcy Code prior to the Effective Date is thirty (30) days after the Effective Date. The deadline to object to final fee applications shall be the twenty-first (21st) day after such fee application has been filed. If the Debtor fails to make payments due under any order approving an Administrative Claim or a Professional Fee Claim, such will constitute a plan default, and such claimant shall have the right

to pursue any and all rights to which it is entitled for the Debtor's failure to comply with the terms of the Plan and this Order.

### # # # END OF ORDER # # #

PREPARED AND SUBMITTED BY:

*/s/ Gerrit M. Pronske*
Gerrit M. Pronske
Texas Bar No. 16351640
Rakhee V. Patel
Texas Bar No. 00797213
Melanie P. Goolsby
State Bar No. 24059841
PRONSKE & PATEL, P.C.
2200 Ross Avenue, Suite 5350
Dallas, Texas 75201
Telephone: (214) 658-6500
Facsimile: (214) 658-6509

**ATTORNEYS FOR DEBTORS AND DEBTORS-IN-POSSESSION**